1    William W. Steckbauer, State Bar No. 116262
     William O. Stein State Bar No. 150124
2    Richard J. Scarola (Of Counsel, Admitted to Practice In the State Of New York)
     **SHUMAKER STECKBAUER**
3    **WEINHART & SRAGOW, LLP**
     300 South Grand Avenue, Suite 1400
4    Los Angeles, California 90071-3124
     (213) 229-2868 - Telephone
5    (213) 629-4520 - Facsimile

6

7    Attorneys for Defendant ANDREW SMITH

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   ARNOLD SIMON, an individual | Case No. 00-12428 CAS (McX) |
| 12            Plaintiff, | DECLARATION OF ANDREW F. SMITH IN SUPPORT OF MOTION TO DISMISS |
| 13          v. | FOR LACK OF PERSONAL JURISDICTION OR, IN THE |
| 14   WASH DEPOT HOLDINGS, INC., a | ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO |
| 15   corporation; DAVID T. SMITH, an individual; ANDREW SMITH, an individual | 28 U.S.C. SECTION 1404(a) |
| 16   ROBERT DOMINICO, an individual, and THE BOSTON GROUP, L.P., a limited | Date:    January 29, 2001 |
| 17   partnership | Time:    10:00 a.m.<br>Place:   Courtroom 5 |
| 18            Defendants. | Judge: Hon. Christina Snyder |

19

20

21

22

23

24                         ENTERED ON ICMS

25

26                           JAN 1 8 2001

27

28                            1

S:\Users\Scrty2\WWS\scarola\Wash Depo\Pleading\Dec of Andrew Smith.wpd

DECLARATION OF ANDREW F.. SMITH

I, Andrew F. Smith, declare:

1. I am a citizen and resident of the State of Connecticut and a Director and the Secretary of Wash Depot Holdings, Inc. ("Wash Depot"), one of the defendants in this case. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could competently testify thereto. (A copy of the Complaint in this case is annexed as Exhibit A.) I make this Declaration in support of my motion to dismiss the action against me on the grounds of lack of personal jurisdiction. I also join in the motion being made by Wash Depot to transfer this case to the District of Massachusetts pursuant to 28 U.S.C. § 1404 (a), for the reasons stated in the papers Wash Depot submits in support of its motion.

A.   *There Is No Basis For This Court's Exercise*
     *of General Personal Jurisdiction Over Me.*

2. At the time of filing of the Complaint and continuing through the present, I have been a citizen of the State of Connecticut.

3. The Complaint alleges at its Paragraph 5, that I have at all relevant times been "residing in Los Angeles, California." In fact, I have not resided in the State of California since before the time of any event at issue in this case. I grew up in California as a child, but have not lived there since going to college. I have not been engaged in any activity in California at the times relevant to this case or at the time of its commencement that would cause me to be subject generally to jurisdiction in California.

B.   *There Is No Basis For This Court's*
     *Exercise Of Long Arm Jurisdiction Over Me.*

4. The only contact I am alleged to have had with the State of California is set forth in Complaint ¶17 –an allegation that I met plaintiff in Los Angeles "[i]n or about the end of 1996" and "reiterated to [plaintiff] Simon that Wash Depot presented an opportunity for Simon to make large profits...[and] reiterated each of the representations..." that plaintiff claims (in Complaint ¶ 16) that

2

S:\Users\Scrty2\WWS\scarola\Wash Depo\Pleading\Dec of Andrew Smith.wpd

1   my father David Smith made to plaintiff at various times. I do not address here the lack of basis for

2   plaintiff to assert that there were any misrepresentations made to him, much less by me. The

3   allegations of Complaint ¶ 16 are themselves hopelessly vague, and I am advised by counsel do not

4   even rise to the level of a sufficiently specific claim for relief against David Smith or anyone else.

5   It is even more attenuated for plaintiff to attempt to conjure a claim against me (in Complaint ¶ 17)

6   on the assertion that I "reiterated" statements vaguely alleged by plaintiff to have been made by my

7   father.

8         5. More importantly, even if it were true that I have one conversation in California with

9   plaintiff which he alleges–and in fact I did not[1]/–such conversation would not be sufficient basis for

10   this Court to assert jurisdiction over me. My purported contact with the State of California as

11   alleged in the Complaint is merely incidental any my attorneys advise me that it is insufficient to

12   establish a basis for long arm jurisdiction over me in this Court or in California. I understand that

13   issue is addressed more fully in the brief being submitted by my counsel in support of this motion.

14

15   C.    *This Case Should Be Transferred*
           *To The District Of Massachusetts.*

16

17         6. Separately, even assuming for the sake of argument that this Court could properly exercise

    personal jurisdiction over me in this case, the transactions alleged in the Complaint are alleged to

18   have involved Wash Depot, a Delaware Corporation based in Massachusetts, and plaintiff, who is

19   alleged to be a resident of the State of New York (and who I believe is a resident of the State of New

20   Jersey). This case has no meaningful connection with the State of California.

21         7. Defendant Wash Depot has moved to change venue pursuant to 28 U.S.C. § 1404(a).

22

23

24

25

26      [1]/ I am advised by counsel that the allegation of a meeting in California can be deemed true
by the Court for purposes of this motion, even though it is not, and I would still prevail on this

27   motion because even if the facts alleged are all taken as true, those facts are not sufficient to support
jurisdiction over me in California.

28

3

Declaration of Andrew. Smith in Support of Motion to
Dismiss for Lack of Personal Jurisdiction or, in the
Alternative, t\to Transfer Venue Pursuant To 28 U.S.C.
Section 1404(a)

S:\Users\Scrty2\WWS\scarola\Wash Depo\Pleading\Dec of Andrew Smith.wpd

1   I join in that motion for the reasons set forth by Wash Depot in its motion and supporting papers.

2       I declare under penalties for perjury under the laws of the United States and the State of

3   California that the foregoing is true and correct.

4       Executed this 21st day of December, 2000, at New York, New York.

5

6                                         Andrew F. Smith

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

1 | GARY S. LINCENBERG – State Bar No. 123058
JASON D. KOGAN – State Bar No. 107707
2 | EKWAN E. RHOW – State Bar No. 174604
BIRD, MARELLA, BOXER & WOLPERT
3 | A Professional Corporation
1875 Century Park East, 23rd Floor
4 | Los Angeles, CA 90067-2561
Telephone: (310) 201-2100
5 | Facsimile: (310) 201-2110

6 | Attorneys for Plaintiff

ORIGINAL FILED

OCT 2 3 2000

LOS ANGELES
SUPERIOR COURT

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

11 | ARNOLD SIMON, an individual,

12 | Plaintiffs,

13 | vs.

14 | WASH DEPOT HOLDINGS, INC., a corporation; DAVID T. SMITH, an
15 | individual; ANDREW SMITH, an individual; ROBERT DOMINICO, an
16 | individual; THE BOSTON GROUP, L.P., a limited partnership; and
17 | DOES 1 through 100 inclusive.

18 | Defendants.

CASE NO.   B C238965

Assigned to The Honorable –
Dept.

COMPLAINT FOR:

(1) FRAUD;
(2) GROSS NEGLIGENCE;
(3) NEGLIGENT
MISREPRESENTATION;
(4) CONSTRUCTIVE FRAUD;
(5) BREACH OF FIDUCIARY DUTY;
(6) NEGLIGENCE;
(7) VIOLATION OF CALIFORNIA
CORPORATIONS CODE § 25401;
(8) VIOLATION OF THE RACKETEER
INFLUENCED AND CORRUPT
ORGANIZATIONS ACT;
(9) VIOLATION OF CALIFORNIA
BUSINESS & PROFESSIONS
CODE § 17200;
(10) CIVIL CONSPIRACY;
(11) IMPOSITION OF A
CONSTRUCTIVE TRUST; AND
(12) ACCOUNTING

DEMAND FOR JURY TRIAL

1
COMPLAINT

2632.7:97142_1

Plaintiff Arnold Simon alleges as follows:

### JURISDICTION

1.    This Court has jurisdiction over this action because each defendant, including Does 1 through 100, has either been doing business in the State of California within the time period relevant to the causes of action stated herein or is, or at all relevant times was, a resident of the State of California.

### THE PARTIES

2.    Plaintiff Arnold Simon ("Simon") is an individual residing in New York City, New York.

3.    Defendant Wash Depot Holdings, Inc. ("Wash Depot") is, and at all relevant times was, a Delaware corporation doing business in California.

4.    Defendant David T. Smith ("David Smith") is an individual residing in New York City, New York. At all relevant times, David Smith was a resident of Los Angeles, California. David Smith is, and at all relevant times was, the chief executive officer and chairman of the board of directors of Wash Depot.

5.    Defendant Andrew F. Smith ("Andrew Smith") is, and at all relevant times was, an individual residing in Los Angeles, California. Andrew Smith is, and at all relevant times, was an officer and director of Wash Depot.

6.    The Boston Group, L.P. ("The Boston Group") is, and at all relevant times was, a limited partnership doing business in California.

7.    Robert A. Dominico ("Dominico") is, and at all relevant times was, an individual residing in Los Angeles, California. A

COMPLAINT

2632.2197143.1

1   all relevant times, Dominico was a broker at The Boston Group.

2      8.   The true names and capacities of defendants Does 1

3   through 100, inclusive, whether individual, corporate, associate

4   or otherwise, are unknown to Simon, who therefore sues these

5   defendants by such fictitious names. Simon will amend this

6   complaint to show the true names and capacities of those

7   defendants after they have been ascertained. Simon is informed

8   and believes, and on that basis alleges, that each of the

9   fictitiously-named defendants is responsible in some manner for

10   the occurrences alleged in this complaint and that Simon's

11   damages as alleged in this complaint were proximately caused by

12   the acts or omissions of such defendants.

13      9.   Simon is informed and believes, and on that basis

14   alleges, that at all times material hereto, each defendant was

15   the agent, servant, employee, hireling, representative and

16   associate of each of the other defendants, and was acting within

17   the course and scope of said agency and employment, with a mutual

18   and common purpose for the direct and indirect benefit of each of

19   their co-defendants, and in doing the things and acts complained

20   of were acting with the full knowledge, consent, ratification and

21   approval of each of their co-defendants.

22                **NATURE OF THE DISPUTE**

23      10.   Simon is informed and believes, and on that basis

24   alleges, that Wash Depot is a private company that was formed in

25   1996. Wash Depot is in the business of managing, owning and

26   leasing car wash facilities.

27      11.   Simon is informed and believes, and on that basis

28   alleges, that beginning in 1996, David Smith and Andrew Smith

2632.2197142.1

1  (collectively, the "Smiths") hatched a scheme to fraudulently
2  solicit funds for their company, Wash Depot, because they were
3  desperate to keep the company operating and to pay their salaries
4  and expenses.  The only way in which they could raise funds for
5  operations was through material misrepresentations, omissions and
6  concealments to extract money from private individuals who were
7  unaware of the true financial status of Wash Depot.

8       12.  Simon is informed and believes, and on that basis,
9  alleges, that as part of the Smiths' scheme, Wash Depot and the
10  Smiths recruited Dominico, who was then working for The Boston
11  Group.  The Smiths asked Dominico to assist Wash Depot in setting
12  up a private placement offering through which the Smiths could
13  solicit unwary investors.  Dominico, as a result of his
14  participation, was to receive brokers' fees and other financial
15  inducements, including shares in Wash Depot.  Dominico served as
16  Wash Depot's agent and representative in connection with Wash
17  Depot's solicitations to Simon.

18       13.  Through mutual business contacts, Simon was first
19  introduced to David Smith at or about the end of 1995.  Soon
20  after meeting Simon, David Smith introduced Simon to Dominico.
21  David Smith represented that Dominico was a successful broker and
22  could assist Simon in making investments in private companies.
23  David Smith further represented that he had obtained substantial
24  profits through Dominico, who was his personal broker.

25       14.  At or about the beginning of 1996, Dominico began
26  contacting Simon regarding various investments.  Relying on
27  Dominico and his advice, Simon made several small investments
28  through Dominico.

4
COMPLAINT

2632.2197142.1

1        15.   In or about the middle of 1996, having garnered Simon's
2   trust, Dominico began recommending that Simon invest in Wash
3   Depot.  Dominico stated that The Boston Group was the selling
4   agent on a private placement of stock by Wash Depot.  To induce
5   Simon to invest, in numerous conversations throughout 1996,
6   Dominico stated that Wash Depot was financially healthy, that
7   David Smith was a successful businessman and that Wash Depot was
8   preparing for an initial public offering of its stock that would
9   be completed in months.  Dominico repeatedly represented that
10  David Smith had already invested $7 million of his own money into
11  Wash Depot.  Dominico's representations to Simon were made in
12  face-to-face meetings when Simon was in California and during
13  numerous telephone conversations when Simon was in New York.

14        16.   During the last few months of 1996, Simon met with
15  David Smith in New York.  During this time period, Simon also had
16  telephone conversations with David Smith while Simon was in New
17  York and David Smith was in California.  During this meeting and
18  these telephone conversations, David Smith again told Simon that
19  Wash Depot was offering a private placement of its stock and that
20  this was an opportunity for Simon to make large profits.  David
21  Smith further represented, among other things, that:

22              (a)  Wash Depot would be offering its stock to the
23  public within six months in an initial public offering that was
24  being managed by Robertson Stephens and at a price of at least
25  $18 per share;

26              (b)  Wash Depot intended to purchase one new car wash
27  operation, as well as the underlying land, per day going forward
28  and had the financial ability to do so;

5
COMPLAINT

2632.2:971142.1

1    (c)  David Smith had personally invested $7 million in
2  Wash Depot and would invest $6 million more; and

3    (d)  Wash Depot could and would, at all times, maintain
4  a conservative debt-equity ratio and, after the private placement
5  offering, would not have to seek outside financing to continue
6  operations.

7    17.  In or about the end of 1996, Simon met with Andrew
8  Smith in Los Angeles.  Andrew Smith reiterated to Simon that Wash
9  Depot presented an opportunity for Simon to make large profits.
10  Andrew Smith reiterated each of the representations made by David
11  Smith, as alleged in paragraph 16 above.

12    18.  During numerous telephone conversations near the end of
13  1996 between Dominico, who was in California, and Simon, who was
14  in New York, Simon asked Dominico whether the representations
15  made by David Smith, as described in paragraph 16 above, were
16  true.  On each of those occasions, Dominico, who was Simon's
17  broker, stated that the representations were true and that he had
18  performed all necessary due diligence in connection with Wash
19  Depot in order to verify David Smith's representations.

20    19.  The representations set forth in paragraph 16, 17 and
21  18 were material and false and concealed material information
22  inasmuch as:

23    (a)  No initial public offering for Wash Depot was
24  planned, no underwriter had been retained and there was no
25  indication, in any event, that an initial public offering could
26  be ever be completed;

27    (b)  The Smith had failed to qualify their
28  representations that David Smith had invested in Wash Depot with

2632.2197142.1

1 the fact that his "investment" in Wash Depot was, in reality, an
2 exchange of interest between Wash Depot and another company that
3 he and his family owned;

4 (c) Wash Depot did not have the financial ability to
5 purchase one car wash a day and, in any event, would need to
6 obtain substantial additional financing to do so; and

7 (d) Wash Depot did not and could not maintain a
8 conservative debt-equity ratio and would need to borrow
9 additional funds heavily to sustain its operations.

10 20. The Smiths and Dominico further concealed the fact that
11 Wash Depot had initially attempted to conduct the private
12 offering through a different broker, who had refused to complete
13 and offering and had filed suit against Wash Depot. The Smiths
14 and Dominico concealed the reasons why the initial broker had
15 refused to complete the offering and the manner in which Dominico
16 and The Boston Group became the selling agent.

17 21. In reliance on the representations made by Dominico,
18 David Smith and Andrew Smith, as alleged in paragraphs 16, 17,
19 and 18, Simon wired an $500,000 to Wash Depot on March 10, 1997
20 in return for shares of Wash Depot.

21 22. In order to induce further investments from Simon, from
22 March 1997 to November 1997, David Smith and Dominico continued
23 to represent that Wash Depot was operating in accordance with the
24 representations previously made by David Smith and Dominico, as
25 alleged in paragraphs 16 and 18. David Smith and Dominico
26 further represented that the reason they were soliciting
27 additional monies from Simon was to give him an opportunity to
28 make additional profits and that the underwriter was conducting

7

COMPLAINT

2632-2:97142.1

1  due diligence on Wash Depot in preparation for an initial public

2  offering that would now be priced at $25 per share.  Such

3  representations were made separately by David Smith and Dominico

4  during telephone conversations with Simon while David Smith and

5  Dominico were in California and Simon was in New York.

6       23.  The representations made by David Smith and Dominico,

7  as alleged in paragraphs 16, 18 and 22, continued to be material

8  and false and to conceal the material facts set forth in

9  paragraph 19.  These representations were also material and false

10  and concealed material facts inasmuch as:

11          (a)  The true reason Wash Depot needed additional

12  monies from Simon was because it was losing tremendous amounts of

13  money;

14          (b)  Wash Depot still had failed to obtain an

15  underwriter for its supposed initial public offering;

16          (c)  David Smith had not invested an additional $6

17  million, or any money, as he had previously represented he would;

18          (d)  Wash Depot was not buying a car wash a day;

19          (e)  Wash Depot was already borrowing money from banks

20  to fund operations;

21          (f)  Any additional financing from Simon and other

22  private investors would merely prolong the operations of the

23  struggling Wash Depot and would not be sufficient to allow Wash

24  Depot to become profitable; and

25          (g)  Simon's prior investments had already diminished

26  in value given the current financial status of the company.

27       24.  David Smith and Dominico failed to disclose the facts

28  set forth in paragraphs 19 and 23 in order to lull Simon and

8

COMPLAINT

2632.2:97142.1

1 | conceal the fraud that they were perpetrating.

2 |     25.   In reliance on the representations set forth in
3 | paragraphs 16, 17, 18 and 22 above, Simon wired an additional
4 | $500,000 to Wash Depot on November 20, 1997 in return for shares
5 | of Wash Depot.

6 |     26.   Between November 1997 and February 1998, Simon had
7 | numerous conversations over the telephone with David Smith and
8 | Dominico while David Smith and Dominico were in California and
9 | Simon was in New York. During those conversations, David Smith
10 | and Dominico represented that Wash Depot was operating
11 | successfully and in accordance with their prior representations,
12 | as described in paragraphs 16 and 22.  These representations
13 | continued to be material and false and to conceal material facts.

14 |     27.   On at least three occasions between November 1997 and
15 | February 1998, during telephone conversations while Dominico was
16 | in California and Simon was in New York, Simon asked Dominico
17 | again if David Smith had previously invested $7 million in Wash
18 | Depot and whether David Smith had invested an additional $6
19 | million as he had stated he would do.  To conceal the fraudulent
20 | scheme and to induce additional investments from Simon, Dominico
21 | told Smith, on those occasions, that he had verified that David
22 | Smith had initially invested $7 million in Wash Depot and an
23 | additional $6 million as had been represented.   The
24 | representations by Dominico continued to be material and false
25 | and to conceal material facts.

26 |     28.   On November 25, 1997, Chieftain LLC obtained 80,000
27 | shares of Wash Depot.  Dominico concealed from Simon that he had
28 | an interest in Chieftain LLC.

9

COMPLAINT

2632.2197117.1

29. On several occasions between November 1997 and February 1998, during telephone conversations while David Smith was in California and Simon was in New York, Simon asked David Smith as to the why the initial public offering had not yet been completed. To conceal the fraudulent scheme and to induce additional investments from Simon, David Smith represented to Simon that Robertson Stephens was not pricing Wash Depot at a fair price and that Wash Depot had been forced to obtain a new underwriter. David Smith represented that, by obtaining a new underwriter and demanding a higher initial public offering price, Simon's shares would be worth more. Simon is informed and believes, and on that basis alleges, that these representations were material and false and concealed material information inasmuch as the true reason why Wash Depot had been forced to obtain a new underwriter was because Robertson Stephens had declined to proceed with the offering.

30. In or about the first week of February 1998, Simon also had a meeting with Andrew Smith in New York City. At that meeting, Andrew Smith stated that Wash Depot was doing so well that it would be offered to the public at between $32 to $50 per share. Andrew Smith's representations were material and false and concealed material facts inasmuch as Wash Depot was heavily in debt, was losing money and had not been given any indication by any underwriter that its shares could be offered to the public, much less at $32 to $50 per share.

31. In reliance on the representations set forth in paragraphs 16, 17, 18, 22, 26, 27, 29 and 30 above, Simon wired
/ / /

2632.2(97142.1

 1  to Wash Depot $1,000,000 on February 9, 1998 in return for shares
 2  of Wash Depot.

 3      32.  After February 9, 1998, David Smith, who was in
 4  California, telephoned Simon, who was in New York, and inquired
 5  as to whether Simon was interested in purchasing the shares of
 6  Wash Depot owned by James F. Moscowitz, a former executive of
 7  Wash Depot. David Smith represented, among things, that:

 8          (a)  Moscowitz was selling his shares because he
 9  needed the proceeds to pay off personal debts; and

10          (b)  Simon's purchase continued to be a good investment
11  in light of David Smith's previous representations, as alleged in
12  paragraphs 16, 22, 25 and 32; and

13          (c)  David Smith had recently signed documents
14  confirming that the initial public offering through the new
15  underwriter would be completed within a few months.

16      33.  David Smith's representations continued to be material
17  and false and to conceal the material information set forth in
18  paragraphs 19, 23 and 29.

19      34.  In reliance on David Smith's representations, on June
20  18, 1998, Simon executed an agreement with Moscowitz pursuant to
21  which Simon purchased the Wash Depot shares owned by Moscowitz
22  for $450,000.

23      35.  In order to conceal their fraud from Simon, starting in
24  August 1998 and continuing throughout 1999, David Smith and
25  Dominico represented that Wash Depot was operating in accordance
26  with their prior representations to Simon, as alleged in
27  paragraphs 16, 18, 22, 26, 27, 29 and 32.  David Smith further
28  represented that Wash Depot's initial public offering had been

11

COMPLAINT

2623.2 97142.1

1  further delayed because the new underwriter was not fairly
2  pricing Wash Depot, that yet another underwriter was reviewing
3  Wash Depot and would underwrite the initial public offering at a
4  higher price and that this was not unusual and was being done in
5  the best interests of the investors.  Dominico and David Smith
6  made these representations during telephone conversations while
7  they were in California and Simon was in New York.

8                    FIRST CAUSE OF ACTION

9                   (Rescission Based on Fraud

10                    Against All Defendants)

11      36.  Simon repeats and realleges each and every allegation
12  contained in each and every paragraph of the Complaint, both
13  prior and subsequent.

14      37.  At all times relevant to this Complaint, defendants,
15  individually and in concert, directly and indirectly, conceived
16  of and participated in a scheme and a continuous course of
17  conduct to defraud Simon by engaging in the conduct set forth
18  above.  Defendants' wrongful conduct included making
19  misrepresentations of and omitting and concealing material,
20  adverse, non-public information regarding the shares of Wash
21  Depot purchased by Simon and the risks associated with Simon's
22  investment in Wash Depot.

23      38.  The misrepresentations alleged in paragraphs 16, 17,
24  18, 22, 26, 27, 29, 30 and 32 were false when made, were known to
25  defendants, and each of them, to be false when made and should
26  have been qualified by the material facts alleged in the above-
27  referenced paragraphs and in paragraphs 20 and 28.  The
28  defendants, and each of them, made the misrepresentations and

                              12
                           COMPLAINT
2632.2:97142.1

1 omitted and concealed material facts with the intent to deceive
2 Simon regarding the value of the Wash Depot shares purchased by
3 Simon and the risks associated with Simon's investment in Wash
4 Depot.

5     39.  In making the investments in Wash Depot, Simon
6 reasonably and justifiably relied on defendants' conduct,
7 including their misrepresentations, omissions and concealments of
8 material facts.  Simon was unaware of defendants' scheme and
9 defendants' misrepresentations, omissions and concealments of
10 material facts.  Had the true facts been known, Simon would not
11 have purchased Wash Depot's shares and made the investments
12 described above.

13     40.  Simon intends service of this complaint to serve as
14 notice of rescission of Simon's investments in Wash Depot and
15 hereby offer to restore all consideration furnished by Simon for
16 Wash Depot's shares, on condition that Wash Depot restore to
17 Simon the consideration and other funds furnished by Simon.

18     41.  As a direct and proximate result of fraud that has been
19 worked on Simon, Simon is entitled to rescission of Simon's
20 investments in Wash Depot and Simon is entitled to recover all
21 amounts paid by him to Wash Depot, the exact extent of which will
22 be proven at trial.

23                    SECOND CAUSE OF ACTION

24      ·  (Damages Based on Fraud Against All Defendants)
25     42.  Simon repeats and realleges each and every allegation
26 contained in each and every paragraph of the Complaint, both
27 prior and subsequent.

28     43.  As a direct and proximate result of defendants'

                                13
                             COMPLAINT

2632.2197142.1

1 fraudulent conduct as alleged in the First Cause of Action, Simon

2 has suffered and will continue to suffer damages in an amount to

3 be proven at trial.

4      44.  In acting as alleged above, defendants acted

5 oppressively and in wanton and conscious disregard of the rights

6 of Simon.  Accordingly, exemplary damages should therefore be

7 assessed against defendants in an amount which will be sufficient

8 to discourage them from engaging in such conduct in the future.

9                          THIRD CAUSE OF ACTION

10               (Gross Negligence Against All Defendants)

11      45.  Simon repeats and realleges each and every allegation

12 contained in each and every paragraph of the Complaint, both

13 prior and subsequent.

14      46.  At all times relevant to this Complaint, defendants,

15 individually and in concert, directly and indirectly, conceived

16 of and participated in a scheme and a continuous course of

17 conduct to defraud Simon by engaging in the conduct set forth

18 above.  Defendants' wrongful conduct included making

19 misrepresentations of and omitting and concealing material,

20 adverse, non-public information regarding the shares of Wash

21 Depot purchased by Simon and the risks associated with Simon's

22 investment in Wash Depot.  Such wrongful conduct was grossly

23 negligent.

24      47.  The misrepresentations alleged in paragraphs 16, 17,

25 18, 22, 26, 27, 29, 30 and 32 were false when made, were known to

26 defendants, and each of them, to be false when made and should

27 have been qualified by the material facts alleged in the above-

28 referenced paragraphs and in paragraphs 20 and 28.  The

                                  14
                               COMPLAINT

2632.2;77142.1

1  defendants, and each of them, made the misrepresentations and
2  omitted and concealed material facts with the intent to deceive
3  Simon regarding the value of the Wash Depot shares purchased by
4  Simon and the risks associated with Simon's investment in Wash
5  Depot.

6      48.   In making the investments in Wash Depot, Simon
7  reasonably and justifiably relied on defendants' conduct,
8  including their misrepresentations, omissions and concealments of
9  material facts.  Simon was unaware of defendants' scheme and
10  defendants' misrepresentations, omissions and concealments of
11  material facts.  Had the true facts been known, Simon would not
12  have purchased Wash Depot's shares and made the investments
13  described above.

14     49.   As a direct and proximate result of defendants'
15  fraudulent conduct, Simon has suffered and will continue to
16  suffer damages in an amount to be proven at trial.

17     50.   In acting as alleged above, defendants acted
18  oppressively and in wanton and conscious disregard of the rights
19  of Simon.  Accordingly, exemplary damages should therefore be
20  assessed against defendants in an amount which will be sufficient
21  to discourage them from engaging in such conduct in the future.

22                      FOURTH CAUSE OF ACTION
23                   (Negligent Misrepresentation
24                      Against All Defendants)

25     51.   Simon repeats and realleges each and every allegation
26  contained in each and every paragraph of the Complaint, both
27  prior and subsequent.

28     52.   The misrepresentations of material facts alleged in

                              15
                           COMPLAINT
2632.2/97142.1

1  paragraphs 16, 17, 18, 22, 26, 27, 29, 30 and 32 were made by
2  defendants without reasonable grounds for believing them to be
3  true and in order to induce Simon to invest in Wash Depot.
4  Defendants intended that Simon would rely upon these
5  representations.  Simon was ignorant of the falsity of these
6  representations and justifiably relied upon these representations
7  in deciding to invest funds in Wash Depot.

8       53.  As a direct and proximate result of the
9  misrepresentations made by defendants, Simon has suffered damages
10 in an amount be proven at trial.

11                    **FIFTH CAUSE OF ACTION**

12               (Rescission Based On Constructive Fraud

13                  .· Against All Defendants)

14      54.  Simon repeats and realleges each and every allegation
15 contained in each and every paragraph of the Complaint, both
16 prior and subsequent.

17      55.  As Simon's broker, Dominico and The Boston Group were
18 fiduciaries of Simon.  These defendants thereby owed Simon a
19 fiduciary duty to deal with Simon in good faith.  By virtue of
20 Simon's having placed confidence in these defendants' integrity
21 and fidelity, a confidential relationship existed at all times
22 herein mentioned between Dominico and The Boston Group, on the
23 one hand, and Simon, on the other hand.

24      56.  After Simon's first investment in Wash Depot, David
25 Smith and Andrew Smith, by virtue of their positions as director
26 and/or officers of Wash Depot, became Simon's fiduciaries.  By
27 virtue of Simon's having placed confidence in the Smiths'
28 integrity and fidelity, a confidential relationship existed

                              :6

1  between the Smiths and Simon.

2      57.  Defendants knowingly and willfully conspired and agreed
3  to breach their fiduciary duties and violated the relationship of
4  trust and confidence by their wrongful conduct as alleged above.
5  As alleged above, defendants fraudulently induced Simon to
6  purchase shares of Wash Depot for the purpose of enabling
7  defendants to secure for their own personal benefit certain
8  profits and advantages. Simon purchased these shares based on
9  the representations of defendants and because of Simon's trust
10 and confidence in defendants. Defendants failed to fully
11 disclose all the facts of the transaction to Simon and made
12 misrepresentations, as alleged above in paragraphs 16, 17, 18,
13 20, 22, 26, 27, 28, 29, 30 and 32. Simon would not have invested
14 in Wash Depot if he had known that the facts were not as they
15 were represented to him.

16     58.  Because Simon's consent was obtained through
17 constructive fraud as alleged herein, Simon is entitled to
18 rescission of their investments in Wash Depot.

19     59.  Simon intends service of this complaint to serve as
20 notice of rescission of Simon's investments in Wash Depot and
21 hereby offer to restore all consideration furnished by Simon for
22 Wash Depot's shares, on condition that Wash Depot restore to
23 Simon the consideration and other funds furnished by Simon.

24     60.  As a direct and proximate result of the breaches of
25 fiduciary duty by defendants and the resulting fraud that has
26 been worked on Simon, Simon is entitled to rescission of Simon's
27 investments in Wash Depot and Simon is entitled to recover all
28 amounts paid by them to Wash Depot, the exact extent of which

2432.2:97147.1

1 will be proven at trial.

2 SIXTH CAUSE OF ACTION

3 (Damages Based On Constructive Fraud

4 Against All Defendants)

5 61. Simon repeats and realleges each and every allegation
6 contained in each and every paragraph of the Complaint, both
7 prior and subsequent.

8 62. As a direct and proximate result of the breaches of
9 fiduciary duties by defendants and the resulting fraud that has
10 been worked on Simon as alleged in the Fifth Cause of Action,
11 Simon has suffered and will continue to suffer damages, the full
12 amount to be proven at trial.

13 63. In doing the things and acts alleged herein, defendants
14 acted with oppression, fraud and malice and with a conscious
15 disregard of the rights of Simon, such that punitive and
16 exemplary damages should be awarded.

17 SEVENTH CAUSE OF ACTION

18 (Breach of Fiduciary Duty

19 Against All Defendants)

20 64. Simon repeats and realleges each and every allegation
21 contained in each and every paragraph of the Complaint, both
22 prior and subsequent.

23 65. As Simon's broker, Dominico and The Boston Group were
24 fiduciaries of Simon. These defendants thereby owed Simon a
25 fiduciary duty to deal with Simon in good faith. By virtue of
26 Simon's having placed confidence in these defendants' integrity
27 and fidelity, a confidential relationship existed at all times
28 herein mentioned between Dominico and The Boston Group, on the

18

COMPLAINT

2633.2197142.1

1   one hand, and Simon, on the other hand.

2      66.   After Simon's first investment in Wash Depot, David
3   Smith and Andrew Smith, by virtue of their positions as directors
4   and/or officers of Wash Depot, became Simon's fiduciaries.  By
5   virtue of Simon's having placed confidence in the Smiths'
6   integrity and fidelity, a confidential relationship existed
7   between the Smiths and Simon.

8      67.   Among the fiduciary duties that defendants owed to
9   Simon was the duty to make full and accurate disclosure of
10  material facts, to avoid conflicts of interest when advising
11  Simon, to exercise care, skill and diligence in advising Simon
12  and to give Simon all relevant information regarding his
13  investments in Wash Depot, including complete and accurate
14  information concerning investment risks and other material
15  considerations involved in the purchasing and holding of such
16  securities.

17     68.   Defendants breached their fiduciary duties by making
18  misrepresentations, by omitting and concealing material
19  information and by pursuing their own interests ahead of and at
20  the expense of Simon's interests.

21     69.   As a direct and proximate result of defendants'
22  conduct, Simon has suffered and will continue to suffer damages
23  in an amount to be proven at trial.

24     70.   Defendants acted fraudulently, maliciously,
25  oppressively and in conscious disregard of Simon's rights.  As a
26  direct consequence thereof, Simon is entitled to recover punitive
27  damages from defendants.

28  / / /

19
COMPLAINT

2532.3(97112.1

1                        EIGHTH CAUSE OF ACTION

2                    (Negligence Against All Defendants)

3        71.   Simon repeats and realleges each and every allegation

4    contained in each and every paragraph of the Complaint, both

5    prior and subsequent.

6        72.   At all relevant times, David Smith and Andrew Smith

7    were directors and officers of Wash Depot.  At all relevant

8    times, Dominico was Simon's broker.

9        73.   By virtue of these positions, defendants owed Simon a

10   duty to perform their duties in good faith and with the care that

11   an ordinary prudent person in a like position would have

12   exercised under similar circumstances.

13       74.   By engaging in the wrongful conduct set forth above,

14   including, among other things, failing to discover and disclose

15   the scheme devised and implemented by defendants and by making

16   and/or endorsing the fraudulent misrepresentations, omissions

17   and/or concealments alleged in paragraphs 16, 17, 18, 20, 22, 26,

18   27, 28, 29, 30 and 32 (as a result of their negligent failure to

19   discovery the fraudulent nature of these representations,

20   omissions and/or concealments), defendants breached their duty of

21   care to Simon.

22       75.  : Defendants are liable in that, among other things, they

23   (a) directly or indirectly authorized, consented to or

24   participated in a negligent manner in the wrongful conduct

25   engaged in by defendants and defendants set forth above; and/or

26   (b) were negligent in their actions relating to the solicitation

27   of Simon's investments.

28       76.   As a direct and proximate result of defendants' breach

                                    20
                                 COMPLAINT

2632.2;57142.1

1  of duty to exercise due care, Simon has suffered and will
2  continue to suffer damages in an amount to be proven at trial.

3                    **NINTH CAUSE OF ACTION**

4          (Violation Of California Corporations Code § 25401

5                    Against All Defendants)

6      77.   Simon repeats and realleges each and every allegation
7  contained in each and every paragraph of the Complaint, both
8  prior and subsequent.

9      78.   Defendants, and each of them, are persons selling or
10 offering for sale the securities purchased by Simon.

11     79.   At all times relevant to this Complaint, defendants,
12 individually and in concert, directly and indirectly, devised and
13 participated in a fraudulent scheme and a continuous course of
14 conduct the purpose of inducing Simon to purchase securities sold
15 by them or entities owned or controlled by them, by engaging in
16 the wrongful conduct set forth above.

17     80.   The misrepresentations, omissions and concealments of
18 material facts alleged in paragraphs 16, 17, 18, 20, 22, 26, 27,
19 28, 29, 30 and 32 were false and misleading when made, and the
20 defendants, and each of them, knew or had reasonable ground to
21 believe that these statements, omissions and/or concealments were
22 false or misleading.  The defendants, and each of them, aided and
23 abetted, encouraged and rendered substantial assistance in
24 accomplishing the wrongful conduct alleged herein, or as
25 principals, officers and/or agents, knew or had reason to know of
26 such wrongful conduct.  In doing so, each of the defendants acted
27 with knowledge of, or in reckless disregard of, the wrongful
28 nature of the conduct aided and abetted.  Each of the defendants

                                21
                          COMPLAINT

2632.2197142.1

1 realized that its conduct would substantially assist the
2 accomplishment of the wrong which they aided and abetted.

3 81. The wrongful conduct of defendants, as set forth above,
4 constitutes violations of § 25401 of the California Corporations
5 Code.

6 82. As a result of defendants' violations of § 25401 of
7 California Corporations Code, pursuant to § 25501 of the
8 California Corporations Code, Simon is entitled to rescission of
9 the transactions pursuant to which Simon purchased shares in Wash
10 Depot.

11                    **TENTH CAUSE OF ACTION**

12           (Violation of 18 U.S.C. § 1962(a)(RICO)

13                    Against All Defendants)

14 83. Simon repeats and realleges each and every allegation
15 contained in each and every paragraph of the Complaint, both
16 prior and subsequent.

17 84. Beginning in 1996 and continuing until at least June
18 1998, in furtherance of and for the purpose of executing the
19 above-described scheme to defraud and to obtain monies from Simon
20 and other investors, defendants, on numerous occasions, used and
21 caused to be used mail depositories of the United States Postal
22 Service by both placing and causing to be placed letters and
23 other mailable matter in the depositories. Each such use of the
24 mails in connection with the above-described scheme to defraud
25 constitutes a separate and distinct violation of 18 U.S.C. §
26 1341.

27 85. Beginning in 1996 and continuing until at least June
28 1998, in furtherance of and for the purpose of executing the

22
COMPLAINT

2632.2;97142.1

1  above-described scheme to defraud and to obtain monies from Simon

2  and other investors, defendants, on numerous occasions, used and

3  caused to be used wire communications in interstate and foreign

4  commerce, by both making and causing to be made wire

5  communications. Each such use of wire communications in

6  connection with the above-described scheme to defraud constitutes

7  a separate and distinct violation of 18 U.S.C. § 1343.

8       86.  Beginning in 1996 and continuing until at least June

9  1998, defendants repeatedly engaged in acts in violation of 18

10  U.S.C. §§ 1341 and 1343, used the United states mails as well as

11  wire and other communications in interstate commerce and thereby

12  continually engaged in "racketeering activity" within the meaning

13  of 18 U.S.C. § 1961(1)(B) in the course of the described unlawful

14  scheme.

15      87.  Defendants engaged in the following acts of mail fraud

16  and wire fraud:

17      DATE                    DESCRIPTION

18      February 19, 1997       $100,000 wire to Wash Depot.

19      March 10, 1997          $500,000 wire to Wash Depot.

20      November 20, 1997       $500,000 wire to Wash Depot.

21      February 9, 1998        $1,000,000 wire to Wash Depot.

22      June 12, 1998           $450,000 wire to James F. Moscowitz.

23      April 27, 1999          Letter from David T. Smith.

24      88.  In addition, defendants engaged in wire fraud by using

25  telephone lines to fraudulently induce Simon to invest in Wash

26  Depot, as alleged in paragraphs 15, 16, 18, 22, 26, 27, 29, 32

27  and 35 above.

28  / / /

2632-2197142-1

1     89.    Each defendant is a "person" as defined in 18 U.S.C. §
2  1961(3).

3     90.    Defendants operated as an association-in-fact apart
4  from the pattern of racketeering activity alleged herein and
5  operated as a separate enterprise engaged in foreign and
6  interstate commerce by virtue of its solicitations to sell Wash
7  Depot's stock to out-of-state investors.

8     91.    Defendants' repeated violations of 18 U.S.C. §§ 1341
9  and 1343 extended over a period over several years and involved
10  distinct and independent unlawful acts as described above.  They
11  were neither isolated nor sporadic events, but involved the
12  regular and repeated violation of law to accomplish defendants'
13  desired ends in the course of the continuing business of the
14  enterprise.  Defendants collectively agreed to make, and did
15  make, fraudulent misrepresentations, and agreed to conceal, and
16  did conceal, material facts for the purpose of inducing Simon and
17  other investors to acquire shares in Wash Depot for a price far
18  exceeding its actual value.  These acts were related to each
19  other by virtue of (a) common participants, (b) common victims,
20  (d) common methods of commission through false and misleading
21  misrepresentations and omissions and (d) the common purpose and
22  common result of defrauding Simon and other potential investors
23  and enriching defendants at Simon's expense while concealing
24  defendants' unlawful activities.  As such, this conduct
25  constitutes a pattern of racketeering activity within the meaning
26  of 18 U.S.C. § 1961(5).

27     92.    Defendants were associated with the enterprise and
28  violated or aided in the violation of 18 U.S.C. 1962(a) by

2632.2197142.1

1 directly or indirectly conducting or participating in the conduct
2 of the affairs of the enterprise through a pattern of
3 racketeering activity.

4      93.  At the time these fraudulent representations were made,
5 Simon was ignorant of the existence of the facts.  Defendants
6 knew that their representations were false and/or that such
7 representations should be qualified by material facts.  If Simon
8 had known the true facts, Simon would not have purchased any
9 shares of Wash Depot.

10      94.  Simon is informed and believes, and on that basis
11 alleges, that defendants have violated 18 U.S.C. § 1962(a) in
12 that they have derived substantial proceeds from the above-
13 referenced pattern of racketeering activity and have invested
14 such proceeds in the operations of an enterprise.  Such violation
15 has caused Simon to suffer direct injury, losses and other
16 damages to his business and property.  Simon is thus entitled to
17 recover three times his damages, the costs of this suit and his
18 reasonable attorney's fees.

19                          ELEVENTH CAUSE OF ACTION

20                 (Violation of 18 U.S.C. § 1962(c) (RICO)

21                          Against All Defendants)

22      95.  Simon repeats and realleges each and every allegation
23 contained in each and every paragraph of the Complaint, both
24 prior and subsequent.

25      96.  As a result of defendants' wrongful conduct as alleged
26 in the Tenth Cause of Action, defendants have violated 18 U.S.C.
27 § 1962(c) in that they have conducted and participated, both
28 directly and indirectly, in the conduct of the affairs of the

                                    25
                                 COMPLAINT
2632.2:97143.1

1  enterprise through the pattern of racketeering activity described
2  herein.  Such violation has caused Simon to suffer direct injury,
3  losses and other damages to their business and property.  Simon
4  is thus entitled to recover three times his damages, the costs of
5  this suit and his reasonable attorney's fees.

6              TWELFTH CAUSE OF ACTION

7           (Violation of 18 U.S.C. § 1962(d) (RICO)

8              Against All Defendants)

9      97.  Simon repeats and realleges each and every allegation
10 contained in each and every paragraph of the Complaint, both
11 prior and subsequent.

12     98.  Defendants conspired to violate 18 U.S.C. §§ 1962(a).
13 Specifically, defendants conspired to derive substantial proceeds
14 from the above-described pattern of racketeering activity and to
15 use and invest such proceeds in the operation of Wash Depot.

16     99.  Defendants further conspired to violate 18 U.S.C. §
17 1962(c).  Specifically, defendants conspired to conduct and to
18 participate in the affairs of the association-in-fact enterprise
19 through the pattern of racketeering activity described above.

20     100. As a result of these violations, Simon has suffered
21 damages in their business and property, including loss of the use
22 of their assets.  Simon is thus entitled to recover three times
23 his damages, the costs of this suit and his reasonable attorney's
24 fees.

25 / / /
26 / / /
27 / / /
28 / / /

COMPLAINT

2532.2:97147.1

1                    THIRTEENTH CAUSE OF ACTION

2        (Violation of California Business & Professions Code § 17200

3              Against Defendants The Boston Group And Wash Depot)

4        101. Simon repeats and realleges each and every allegation

5  contained in each and every paragraph of the Complaint, both

6  prior and subsequent.

7        102. The repeated failure by Wash Depot to provide truthful

8  information during its private placement offerings constitutes an

9  unfair business act in violation of § 17200 of California's

10 Business and Professions Code.  Such practices are particularly

11 egregious in light of the fact that Wash Depot is a private

12 company and did not register its securities with the appropriate

13 regulatory authorities.  Under such circumstances, Wash Depot

14 must provide truthful information to its private investors, who

15 have no other protections under the law.

16       103. The repeated failure of The Boston Group to provide

17 truthful information to its customers regarding the investments

18 that it was promoting constitutes an unfair business act in

19 violation of § 17200 of California's Business and Professions

20 Code.  Acting simultaneously as the selling agent for Wash Depot

21 on its private placement offerings and the broker for private

22 investors, The Boston Group should have conducted adequate due

23 diligence on Wash Depot and refrained from making or endorsing

24 any unverified or inaccurate representations regarding Wash

25 Depot.

26       104. The business practices of defendants described over are

27 oppressive, unscrupulous, unethical and are intended to cause

28 substantial injury to consumers such as Simon.  Like many other

                                    27
                                COMPLAINT

2632.2197142.1

1 private investors in Wash Depot, Simon was victim of these
2 practices.

3      105. Because defendants' unfair and/or fraudulent business
4 acts are deceptive and harmful to the consuming public, Wash
5 Depot and The Boston Group should be required to reimburse Simon
6 for all amounts he invested in Wash Depot and for all costs and
7 expenses incurred by Simon in connection and all attorneys' fees
8 and costs expended in prosecuting this action.

9                    **FOURTEENTH CAUSE OF ACTION**

10               (Civil Conspiracy Against All Defendants)

11      106. Simon repeats and realleges each and every allegation
12 contained in each and every paragraph of the Complaint, both
13 prior and subsequent.

14      107. As alleged above, beginning in 1996, defendants
15 knowingly and willfully conspired and agreed to conspire to
16 fraudulently induce private investors to invest in Wash Depot
17 and, specifically, to obtain funds from Simon.

18      108. In furtherance of the conspiracy, defendants committed
19 the fraudulent acts alleged in paragraphs 16, 17, 18, 20, 22, 26,
20 27, 28, 29, 30 and 32. Defendants did knowingly and willfully
21 conspire and agree among themselves to take each and every
22 fraudulent act as alleged in this complaint or ratified such
23 conduct by their acquiescence therein. All conduct alleged
24 herein is attributed to each and every defendant as having
25 occurred in furtherance of the conspiracy to fraudulently induce
26 Simon to invest in Wash Depot.

27      109. The conspiracy of defendants is ongoing inasmuch as
28 defendants have failed, and continue to fail, to provide truthful

                              28
                           COMPLAINT

2832.2:97142.1

1  and accurate information regarding Wash Depot to Simon.

2      110. As a direct and proximate result of the actions of

3  defendants, Simon has been damaged in an amount to be determined

4  at trial.

5      111. The acts of defendants as alleged herein were willful,

6  wanton, malicious and oppressive and were undertaken with the

7  intent to harm and therefore justify the awarding of punitive

8  damages in an amount appropriate to defendants' wrongful behavior

9  and sufficient to deter similar conduct.

10                    FIFTEENTH CAUSE OF ACTION

11                 (Imposition of a Constructive Trust

12                    Against All Defendants)

13      112. Simon repeats and realleges each and every allegation

14  contained in each and every paragraph of the Complaint, both

15  prior and subsequent.

16      113. By virtue of the conduct of defendants as alleged

17  herein, defendants have been unjustly enriched as a result of

18  their fraudulent and/or negligent conduct and breaches of

19  fiduciary duties. As a further result of defendants' conduct as

20  alleged herein, defendants hold the proceeds from Simon's

21  investments as a constructive trustee for the benefit of Simon.

22  Simon is entitled to an order declaring that defendants hold all

23  funds paid by Simon and the proceeds therefrom in trust for

24  Simon.

25                    SIXTEENTH CAUSE OF ACTION

26                 (Accounting Against All Defendants)

27      114. Simon repeats and realleges each and every allegation

28  contained in each and every paragraph of the Complaint, both

                              29
                          COMPLAINT
2632.2:97142.1

1 prior and subsequent.

2     115. As set forth above, defendants fraudulently induced

3 investments from Simon. Simon does not know whether the monies

4 he invested were used for Wash Depot's operations or elsewhere.

5 Simon is entitled to an accounting to determine what has happened

6 to the monies he invested.

7     WHEREFORE, plaintiff Arnold Simon prays for judgment against

8 defendants as follows:

9     1.    On the First, Fifth, Ninth and Thirteenth Causes of

10 Action:

11         a.    For a determination that each of Arnold Simon's

12               investments in Wash Depot has been rescinded;

13         b.    For an order of restitution of all amounts paid to

14               defendants by Simon, according to proof.

15     2.    On the Second, Third, Sixth, Seventh and Fourteenth

16 Causes of Action:

17         a.    For compensatory damages according to proof; and

18         b.    For punitive and exemplary damages according to

19               proof.

20     3.    On the Fourth and Eighth Causes of Action:

21         a.    For compensatory damages according to proof.

22     4.   On the Tenth through Twelfth Causes of Action:

23         a.    For treble damages according to proof.

24     5.    On the Fifteenth Cause of Action:

25         a.    For imposition of a constructive trust on the

26               proceeds of all investments made by Simon in Wash

27               Depot.

28     6.    On the Sixteenth of Action:

2632.2:97142.1

1          a.   For an accounting.

2     7.   On All Causes of Action:

3          a.   For attorneys' fees as appropriate;

4          b.   For costs of suit incurred herein;

5          c.   For pre- and post-judgment interest as permitted

6               by law; and

7          d.   For such other and further relief as the Court may

8               deem just and proper.

9

10   Dated:  October 23, 2000        GARY S. LINCENBERG
                                     JASON D. KOGAN
11                                   EKWAN E. RHOW
                                     BIRD, MARELLA, BOXER & WOLPERT
12                                   A Professional Corporation

13

14                              By:  _____
15                                   EKWAN E. RHOW
                                     Attorney for plaintiffs
16

17

                              DEMAND FOR JURY TRIAL
18

19      Plaintiff Arnold Simon hereby demands trial by jury on all

     issues to which he has a right to a jury trial.
20

21

     Dated:  October 23, 2000        GARY S. LINCENBERG
22                                   JASON D. KOGAN
                                     EKWAN E. RHOW
23                                   BIRD, MARELLA, BOXER & WOLPERT
                                     A Professional Corporation
24

25

26                              By:  _____
                                     EKWAN E. RHOW
27                                   Attorney for plaintiffs

28

                                   31
                                COMPLAINT

**PROOF OF SERVICE BY MAIL**

STATE OF CALIFORNIA                )
                                                       ) ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 300 South Grand Avenue, Suite 1400, Los Angeles, California 90071.

On **January 5, 2001,** I served the foregoing document(s) described as **DECLARATION OF ANDREW F. SMITH IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**Ekwan E. Rhow, Esq.**                                          **Jeffrey F. Sax, Esq.**
Bird, Marella, Boxer & Wolpert                          Law Offices of Jeffrey F. Sax
1875 Century Park East, 23rd Floor                   865 South Figueroa Street, Suite 2600
Los Angeles, CA 90067                                        Los Angeles, CA 90017

**X        BY MAIL**

I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

—        **BY PERSONAL SERVICE:**

        _        By personally delivering copies to the person served.

        _        I delivered such envelope by hand to the office of the addressee pursuant to C.C.P. Section 1011.

**X        FEDERAL**        I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **January 5, 2001,** at Los Angeles, California.

Elizabeth Cervantes