THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

Priority ✓
Send ✓
Enter ✓
Closed ✓
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
FEB 28 2001
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MINUTE ORDER

Case No.: CV-00-12428 CAS (MCx) February 28, 2001

Title: ARNOLD SIMON v. WASH DEPOT HOLDINGS, INC., DAVID T. SMITH, ANDREW SMITH, ROBERT DOMINICO, THE BOSTON GROUP, L.P., and DOES 1-100

---

PRESIDING: HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

ENTERED
CLERK, U.S. DISTRICT COURT
MAR - 2 2001
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Maynor Galvez, Deputy Clerk

Laura Elias, Court Reporter

---

PROCEEDINGS: (1) PLAINTIFF'S MOTION TO REMAND (filed on December 21, 2000) (IN CHAMBERS)

(2) DEFENDANT ROBERT DIMINICO, erroneously sued as ROBERT DOMINICO, AND DEFENDANT BOSTON GROUP, L.P.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (filed on December 20, 2000)

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3
CLSD

(3) DEFENDANTS DAVID SMITH AND ANDREW SMITH AND WASH DEPOT HOLDINGS, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (filed on December 19, 2000)

(4) PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (filed on January 12, 2001)

I. Introduction and Factual Background

On review of the motion, the Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7.11. The hearing date of March 12, 2001 is hereby vacated and the matter is taken under submission.



MAR - 2 2001




39

Plaintiff Arnold Simon ("plaintiff") filed the complaint in this case on October 23, 2000, in the Superior Court for the County of Los Angeles. The complaint alleges sixteen causes of action, including fraud, gross negligence, negligent misrepresentation, breach of fiduciary duty, violation of California Corporations Code § 25401 and California Business & Professions Code § 17200, violations of the Racketeer Influenced and Corrupt Organizations Act, and civil conspiracy.

Defendants Wash Depot Holdings, Inc. ("WDH"), David T. Smith, and Andrew F. Smith (collectively "the Wash Depot defendants") filed a notice of removal on November 22, 2000. The notice alleges that this Court has jurisdiction based upon diversity of citizenship, 28 U.S.C. § 1332. Removing defendants assert that co-defendants Robert DiMinico ("DiMinico") and the Boston Group, L.P. ("Boston Group") (collectively "the Boston Group defendants") are fraudulently joined in this case for purposes of defeating diversity jurisdiction. Thus, they argued, DiMinico and Boston Group should be disregarded for the purposes of determining diversity jurisdiction and determining the other defendants' right to remove this case to this Court.

Defendants WDH, David T. Smith, and Andrew F. Smith filed an amended notice of removal on December 6, 2000. In their amended notice of removal, defendants allege that this Court also has federal question jurisdiction in accordance with 28 U.S.C. § 1331 because plaintiff alleges claims under provisions of the federal RICO statute, in particular 28 U.S.C. §§ 1962 (a), (c), and (d).

II. PLAINTIFF ARNOLD SIMON'S MOTION TO REMAND

A. Standard for remand

Removal is authorized in any civil action over which the district court has original jurisdiction founded on a claim or right arising under federal law. 28 U.S.C. § 1441(b). Section 1441(a) authorizes removal to a district court of any civil action based on diversity of citizenship. The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. William W. Schwarzer, et al., Cal. Prac. Guide Federal Civil Procedure before Trial, ("The Rutter Group") §2:609 (2000).

If there are several defendants in the action, the right to remove belongs to them jointly. Accordingly, for the removal to be valid, all defendants who have been properly joined and served in the action must join in the removal notice. The Rutter Group, § 2:611; see also, Hewitt v. City of Stanton, 798 F.2d 1230 (9th Cir. 1986). Where fewer than all the defendants have joined in a removal action, the removing party has the burden to explain affirmatively the absence of any co-defendants in the notice for removal. Prize Frize, supra, 167 F.3d at 1266.

B. Discussion

Plaintiff contends that this case should be remanded to state court on the following grounds: (1) the removal notice is incurably defective because not all defendants have joined in it; (2) complete diversity of citizenship does not exist between the parties; and (3) removing defendants have not properly asserted a basis for federal question jurisdiction. Plaintiff also contends that the removing defendants are not entitled to discovery on issues relevant to jurisdiction, as they request in their notice of removal.

1. Failure to join all defendants

Plaintiff first argues that the notice of removal is incurably defective and must be rejected because the Wash Depot defendants' failed either to join the Boston Group defendants in the notice of removal or adequately to explain their failure to join the removal petition. The Wash Depot defendants respond that joinder of the Boston Group defendants was not required because, in essence, the Boston Group defendants had not been "properly joined and served." The Rutter Group, supra, § 2:611.

With regard to service of the Boston Group defendants, the Wash Depot defendants state in both the original and amended notices of removal that

> [n]one of the other defendants have been served with the Complaint (with the possible exception of Wash Depot Holdings, Inc., to the extend plaintiff claims that service upon Mr. [David T.] Smith also constitutes service upon Wash Depot, on the ground that Mr. Smith is an officer or director of Wash Depot.

Wash Depot Defs.' Notice of Removal, ¶ 2 (dated November 22, 2000); Wash Depot Defs.' Amended Notice of Removal, ¶ 2 (dated December 6, 2000).

It appears, however, that the Boston Group defendants were served with the complaint on November 21, 2000. See Rhow Decl., ¶ 2. Therefore, given the requirement that all properly joined and served defendants join in the removal, the failure of the Boston Group defendants to join in the notice of removal indicates that the removal is, in fact, defective.[1]

Defendants argue, however, that the Boston Group defendants were not required to join in the removal because they were "fraudulently joined." Fraudulent joinder is a term of art; it does not necessarily involve traditional notions of "fraud." McCabe v. General Foods Corporation, 811 F.2d 1336, 1339 (9th

---

[1] However, even if the Boston Group defendants had joined in the notice of removal, removal would have been barred under a separate provision of 28 U.S.C. § 1441: where removal is based on diversity of citizenship, as alleged in the original notice of removal, removal is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b). It is undisputed that the Boston Group defendants are citizens of California. As such, any state court case brought against them could not be removed on the basis of diversity of citizenship. See The Rutter Group, § 2:625; see also Hurt v. Dow Chemical Co., 963 F.2d 1142, 1145 (9th Cir. 1992); Republic Western Ins. Co. V. International Ins. Co., 765 F. Supp. 628, 629 (N.D. Cal. 1991).

Cir. 1987). Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for the purposes of determining diversity, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id.; see also Morris v. Princess Cruises, Inc., 99-55092, 2001 WL 21193 (9th Cir. Jan. 10, 2001). In deciding whether a cause of action is stated, a court "look[s] only to a plaintiff's pleadings to determine removability" and "determine[s] the 'existence of federal jurisdiction ... solely by an examination of the plaintiff's case, without recourse to defendant's pleadings." Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998) (citations omitted). However, where fraudulent joinder is an issue, "the defendant seeking removal is entitled to present the facts showing the joinder to be fraudulent." Id. (citing McCabe, supra, 811 F.2d at 1339).

Here, the Wash Depot defendants contend that plaintiff waived his rights to sue the Boston Group defendants pursuant to an arbitration clause contained in a brokerage account agreement between the Boston Group and plaintiff. The Wash Depot defendants thus argue that plaintiff has not stated a cause of action against the Boston Group defendants and that these defendants should be disregarded for the purposes of determining whether removal jurisdiction exists in this case.

Courts have applied the doctrine of fraudulent joinder in three situations: (1) where there is "absolutely no possibility that the plaintiff will be able to establish a cause of action" against the resident or nondiverse defendant, Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983); (2) where there is "outright fraud in plaintiff's pleadings of jurisdictional facts" (e.g., false statements regarding a party's citizenship), see id.; or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); see also The Rutter Group, § 2:671.1. From these examples, it is plain that the doctrine of fraudulent joinder applies only when the plaintiff improperly

seeks to join a party that will defeat complete diversity, thereby defeating removal jurisdiction.

Here, defendants' fraudulent joinder argument does not fall within any of the three categories listed above. First, defendants do not allege that plaintiff has engaged in outright fraud in his pleadings of jurisdictional facts. Second, the complaint contains no allegations that the Boston Group defendants are jointly or severally liable for claims that have no real connection to the claims against the Wash Depot defendants. In fact, all sixteen claims for relief alleged in the complaint, including RICO violations and civil conspiracy, are asserted against all of the defendants in the case. Thus, the claims alleged against the Boston Group defendants who have not joined in the removal are identical to those alleged against the Wash Depot defendants. Finally, although defendants argue that plaintiff has not stated a claim for relief against the Boston Group defendants because the arbitration clause allegedly protects them from suit, the first category of fraudulent joinder requires that there be "absolutely no possibility that the plaintiff will be able to establish a cause of action" against the resident or nondiverse defendant. See Ritchey, supra, 139 F.3d at 1318-19. Absent a showing that the complaint contains no cause of action whatsoever against the Boston Group defendants, that the cause of action is patently spurious, that there is no reasonable basis for imposing liability on the Boston Group defendants, or that the claim is time-barred, see The Rutter Group, §§ 2:672, 2:672.3, the joinder of the Boston Group defendants may not treated as fraudulent. Moreover, defendants have not cited, nor has the Court been able to find, a single case in which a court found fraudulent joinder on the basis of the existence of an arbitration clause.[2]

Indeed, the existence of an enforceable arbitration clause does not prevent a party from seeking recourse through courts of law. Where a party to an arbitration agreement is sued despite the alleged protection of an agreement to arbitrate, the

---

[2] Courts do not ordinarily consider a nondiverse defendant's defenses on the merits in determining whether that defendant's joinder was fraudulent. See The Rutter Group, supra, § 2:672.2; see also, Ritchey, supra, 139 F.3d at 1318-19.

appropriate response is for the party-defendant to move to compel arbitration. In other words, the existence of an arbitration clause is to be raised as a defense to suit. It does not provide immunity from suit. Notwithstanding its broad scope, nothing in the arbitration clause prevents plaintiff from bringing a suit in a court. Therefore, the Court concludes that the Boston Group defendants were not "fraudulently joined" and were required to join in the removal notice.

2. Amended Notice of Removal's assertion of federal question jurisdiction

On December 6, 2000, the Wash Depot defendants filed an amended notice of removal without seeking leave of this Court. The amended notice of removal is identical to the original notice of removal, except to the extent that it added an alternative basis for removal jurisdiction, namely an allegation that the case presents a federal question. Amended Notice of Removal of Action, ¶ 6. In the instant motion, plaintiff opposed the attempted amended notice of removal. However, it appears that the Wash Depot defendants have withdrawn their assertion of federal question jurisdiction: attached as Exhibit C to Richard J.J. Scarola's declaration in support of opposition to plaintiff's motion to remand is a copy of a new amended notice of removal which omits any reference to federal question jurisdiction. See Scarola Decl., Ex. C, ¶ 5.[3]

Nevertheless, even if the Wash Depot defendants maintain the position asserted in their first amended notice of removal, i.e., that removal jurisdiction exists based on a federal question, the amendment of the notice of removal to include a new basis of jurisdiction is improper. It is well-settled that while a defendant's notice of removal may be amended freely prior to the expiration of the initial thirty-day period established by 28 U.S.C. § 1446, Smiley v. Citibank (South Dakota), N.A., 863 F. Supp. 1156, 1159 (C.D. Cal. 1993), after the first thirty days,

[3] In addition, the Wash Depot defendants make no mention of the federal question basis for removal jurisdiction in their opposition to the instant motion.

> the cases indicate that the notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice...Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished ....

14C C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure § 3733 at 358-361 (1998); Smiley, supra, at 1159. In the Ninth Circuit, a notice of removal cannot be amended after the initial thirty-day period to add "allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." Barrow Development Co. V. Fulton Ins. Co., 418 F.2d 316, 317 (1969); see also O'Halloran v. University of Washington, 856 F.2d 1375, 1381 (1988) (original removal notice could not be amended to add an alleged federal question as a separate basis for removal jurisdiction after the thirty day period). When defendants attempt to assert totally new grounds for removal or "to create jurisdiction where none existed," courts uniformly deny leave to amend. Smiley, supra, at 1159 (quoting Rockwell International Credit Corporation v. United States Aircraft Insurance Group, 823 F.2d 302 (9th Cir. 1987)).

Here, the Wash Depot defendants sought to amend their notice of removal on December 6, 2000, more than thirty days after the time to remove had expired. Rather than attempting to clarify defective allegations of jurisdiction previously made, the amended notice of removal asserts a totally new ground for removal. Therefore, defendants' attempted amendment, and the federal question jurisdiction over this case it asserts, must be rejected.

C. Conclusion

For the reasons stated above, the Wash Depot defendants have not established federal removal jurisdiction in this case. They have filed a defective notice of removal in that the removal does not include all of the plaintiffs in this case. Further, defendants' amended notice of removal fails as a matter of law because it is impermissible to assert a new basis for federal jurisdiction after the initial thirty day period has expired. Accordingly, plaintiff's motion to remand is granted.

III. BOSTON GROUP DEFENDANTS' MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

In view of the above grant of plaintiff's motion to remand this case, the Court does not reach the Boston Group defendants' motion to dismiss or, in the alternative, motion for summary judgment.

IV. WASH DEPOT DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR TRANSFER OF VENUE

In view of the above grant of plaintiff's motion to remand this case, the Court does not reach the Wash Depot defendants' motion to dismiss for lack of personal jurisdiction or for transfer of venue.

V. PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Finally, plaintiff has requested that, pursuant to Fed. R. Evid. 201, this Court take judicial notice of three documents filed in the Los Angeles Superior Court. In view of the present order to remand the case to Los Angeles Superior Court, however, the Court denies plaintiff's request as moot.

VI. CONCLUSION

Plaintiff's motion for remand is GRANTED. The case is therefore REMANDED to Los Angeles Superior Court. Accordingly, the Court does not reach (1) the Boston Group defendants' motion to dismiss or for summary judgment or (2) the Wash Depot defendants' motion to dismiss for lack of personal jurisdiction or for transfer of venue. Finally, plaintiff's request for judicial notice is DENIED AS MOOT.

IT IS SO ORDERED.